The STATE of Ohio, Appellant,

v.

BREWER, Appellee.

[Cite as *State v. Brewer* (1994), 96 Ohio App.3d 413.]

Court of Appeals of Ohio,
Greene County.

No. 93–CA–45.

Decided Aug. 10, 1994.

*Joseph W. Stadnicar,* Prosecuting Attorney, for appellant.

*Anthony J. Zaharieff,* for appellee.

FREDERICK N. YOUNG, Judge.

The state of Ohio appeals from an order of the trial court dismissing its complaint against Captain Dana Brewer of the Beavercreek Fire Department, who had been charged with failure to obey the order of a traffic officer in violation of R.C. 2921.331(A). The court determined that the minimum *mens rea* necessary to commit the offense is "recklessness," since R.C. 2921.331(A) expresses no *mens rea* element. It was the state's position that R.C. 2921.331(A) defines a strict liability offense, for which reason they declined to include "recklessness" as an element of the offense charged on the complaint. We agree with the trial court's reasoning and affirm its dismissal of the complaint.

I

The charge arose from a confrontation between Brewer and Trooper Caldwell of the State Highway patrol. Brewer was called to respond to a traffic accident involving a tanker truck and an automobile on U.S. Route 35. He and his team of medics arrived on the scene before any other emergency personnel, and began to conduct the rescue operation.

Within a couple of minutes, Trooper Caldwell arrived on the scene to assist. He immediately noticed that Brewer had placed the ambulance in a place he

considered obtrusive. He approached Brewer and asked him to move it. Brewer declined, maintaining that it was necessary to the rescue operation for the ambulance to stay where it was. Caldwell ordered Brewer to move the ambulance, under threat of arrest, and Brewer would not. Caldwell promptly arrested him.

The state decided to prosecute Brewer, and successfully resisted Brewer's motions to dismiss up until the day of trial. Brewer was charged with a violation of R.C. 2921.331(A), a first-degree misdemeanor, which states, "No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic."

The complaint was set forth using the words of the statute, which provide no *mens rea* element. The Fairborn Municipal Court determined that R.C. 2921.331(A) is not a strict-liability offense, and judicially added the *mens rea* element "recklessness" pursuant to R.C. 2901.21(B). Just before the jury was impanelled, the court offered the state an opportunity to amend its complaint to include "recklessness" as an element of the offense charged. When the state took the position that R.C. 2921.331(A) is a strict-liability offense, and declined to amend the complaint to include a *mens rea* component of any sort, the court dismissed it with prejudice. This appeal followed.

## II

In its sole assignment of error, the state urges:

"The trial court erred when it ruled that Revised Code Section 2921.331(A) is not a strict liability offense."

When a statute is silent as to the criminal intent necessary to violate it, and does not plainly indicate a purpose to impose strict criminal liability for the conduct it proscribes, "recklessness is sufficient culpability to commit the offense." R.C. 2901.21(B).

The state argues forcefully that the mere fact the statute lacks language expressly negating the requirement of criminal intent is not dispositive. The Supreme Court, the state points out, has held before that statutes lacking such express intent can nevertheless "plainly indicate" an intent to impose strict liability. The state refers us to *State v. Wac* (1981), 68 Ohio St.2d 84, 22 O.O.3d 299, 428 N.E.2d 428, and *State v. Parrish* (1984), 12 Ohio St.3d 123, 12 OBR 164, 465 N.E.2d 873.

The rule of law emerging from those cases is that a statute that neither specifies that a particular mental state is necessary to commit the offense nor plainly states that no mental state is necessary to commit the offense may

nevertheless plainly indicate a legislative intent to impose strict liability if the statute is structured so as to proscribe an act with "expressly differentiated degrees of culpability." *State v. Parrish, supra,* at 124, 12 OBR at 166, 465 N.E.2d at 875. For example, in *State v. Wac, supra,* 68 Ohio St.2d at 86, 22 O.O.3d at 300, 428 N.E.2d at 431, the court found a "plain indication" that the crime of bookmaking as defined in R.C. 2915.02(A)(1) was meant to be a strict liability offense. R.C. 2915.02(A)(1) provides, "No person shall engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking."

In contrast, R.C. 2921.331(A) reads as follows: "No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." There are no subsections to this section. The following section, R.C. 2921.331(B), describes a separate offense: "No person shall * * * willfully * * * elude or flee a police officer." R.C. 2921.331 is not structured so as to proscribe a single act with expressly differentiated degrees of culpability. Rather, it proscribes two separate acts in two subsections that are not grammatically dependent on one another, each of which begins with "No person shall." We find no plain indication in R.C. 2921.331 of an intent to impose strict liability.

Moreover, there is another reason we would decline to find a violation of R.C. 2921.331(A) a strict-liability offense. Violation of the section is a first-degree misdemeanor, which carries with it a maximum penalty of six months in prison and a $1000 fine. In *State v. Dillon* (Feb. 19, 1985), Greene App. No. 84–CA–38, unreported, 1985 WL 7650, we construed a statute the violation of which also constituted a first-degree misdemeanor, and which was enacted before R.C. 2901.21 became effective in 1974. As we noted in that case, "R.C. 2901.21 was enacted along with other revisions to R.C. Title 29 to implement various principles of the Model Penal Code. The Model Penal Code, along with various commentators, advocates the view that offenses which constitute moral condemnation or for which imprisonment may be imposed should not be strict liability offenses. The Model Penal Code would permit strict liability only for offenses punishable by a fine, forfeiture, or similar civil penalty and are not likely to give rise to any additional legal disadvantage as does a "prior conviction." A violation of R.C. 4301.58(B) is a first-degree misdemeanor. It carries a maximum penalty of six months' imprisonment and a $1000 fine. We believe this to be so severe a potential penalty that the General Assembly by its passage of R.C. 2901.21 [latently] amended R.C. 4301.58(B) to make recklessness an element of the offense." *Dillon, supra,* at 6.

We hold that the potential imprisonment contemplated for violation of R.C. 2921.331(A), as well as the fact that we do not construe R.C. 2921.331(B) to be a parcel of (A) such that an expression of *mens rea* in one compels us to find that

the other, if it mentions no *mens rea* element, must require none, indicates to us that the General Assembly cannot have intended for R.C. 2921.331(A) to describe a strict-liability offense. Moreover, it is axiomatic that "statutes are to be construed strictly against the state and in favor of the accused." *Dillon, supra,* at 6.

There can be no better illustration of the need for a *mens rea* component in R.C. 2921.331(A) than the facts of the present case provide. One public officer has arrested another who was performing his official duty. Why should not the arresting officer be arrested in turn for interfering in a lawful medical rescue attempt? A holding that R.C. 2921.331(A) is a strict-liability statute could lead to a virtual war between law enforcement agencies and criminalize the very duties the officers are required to perform. Such a result would be absurd.

The court rightly required the state to prove, and therefore to allege in the complaint, that Brewer acted recklessly. When the state refused the court's opportunity to amend the complaint to conform to the law, the court rightly dismissed it.

The state's sole assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

FAIN and BROGAN, JJ., concur.