JOURNAL ENTRY AND OPINION
Defendant-appellant Lawrence S. Benjamin ("appellant") appeals from his conviction for failure to comply with a lawful order in violation of Cleveland Municipal Code 403.02A.
Appellant assigns the following errors for review:
 I. THE COURT BELOW COMMITTED REVERSIBLE ERROR IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION TO DISMISS AT THE CONCLUSION OF APPELLEE'S CASE IN CHIEF BASED UPON THE DOCTRINE OF COLLATERAL ESTOPPEL OR TO FIND APPELLANT NOT GUILTY AT THE CONCLUSION OF ALL THE EVIDENCE BASED UPON THE SAME DOCTRINES.
 II. THE COURT BELOW COMMITTED REVERSIBLE ERROR IN FINDING THAT DEFENDANT-APPELLANT HAD VIOLATED A LAWFUL ORDER OF A POLICE OFFICER WHERE THERE WAS NO SHOWING THAT THE ORDER WAS LAWFUL OR THAT DEFENDANT-APPELLANT WAS RECKLESS IN DISREGARDING THE ORDER OF THE POLICE OFFICER.
 III. THE COURT BELOW COMMITTED REVERSIBLE ERROR IN FAILING TO FIND THAT THE CITY'S VIOLATION OF THE AMERICANS WITH DISABILITIES ACT VITIATED THE ORDER OF THE POLICE OFFICER.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On March 15, 1998, appellant was issued two citations for a parking violation and for failure to comply with a lawful order. On May 20, 1998, appellant went to trial on the citation for failure to comply with a lawful order. Traffic Controller Carmella Davis testified that her duty is to enforce the strict policy at Hopkins International Airport of no parking or waiting on the roadway. On March 15, 1998, Davis approached appellant because appellant had parked his vehicle near an exit door. Davis informed appellant of the airport's policy. Appellant told Davis that another officer had given him permission to park there. Davis consulted the officer who denied telling appellant he could park outside the exit.
Davis approached appellant again and told appellant he could not park there. Appellant said his parents had severe osteoporosis. Davis replied that skycaps were available to assist elderly people. Appellant then circled around and returned to the same area. Davis again told appellant he could not wait there. Appellant refused to move and Davis issued a parking ticket. Davis informed appellant he would have to circle. Appellant refused and Davis asked a Cleveland police officer for assistance. Davis observed appellant's parents exit the building carrying their luggage. Davis testified that signs are posted on every other pillar which state that no parking or waiting is allowed.
Cleveland police officer Brenda Brown testified that she responded to the request for assistance for a car refusing to move. Officer Brown spoke to Davis who said she had issued a ticket to appellant who still refused to move. Officer Brown approached appellant and explained the airport's policy which only permitted passengers to be picked up at the curbside. Appellant responded that he had timed everything perfectly, he had already circled once, and his parents were handicapped so he would not move his car. Appellant stated he had received a parking ticket. Officer Brown told appellant he still would have to move. He refused to do so. Officer Brown asked to see appellant's driver's license. Officer Brown issued a citation for failure to comply. Appellant refused to sign the ticket.
The trial court found appellant guilty of failure to comply with a lawful order. Appellant has appealed from this determination.
 II.
In his first assignment of error, appellant contends the trial court erred in denying appellant's motion to dismiss the case against him. Appellant argues he was legally parked because he was found not guilty for the parking violation. Appellant asserts that the city is collaterally estopped from proceeding on the citation for failure to comply with a lawful order because the dismissal of the parking ticket resulted in his being found to be legally parked.
In Ashe v. Swenson (1970), 397 U.S. 436, 443, the United States Supreme Court stated:
 "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.
The doctrine of collateral estoppel should be applied whenever an issue of ultimate fact has once been determined by a valid and final judgment of acquittal. Id. Collateral estoppel prevents parties from relitigating facts and issues in a subsequent case that were fully litigated in a previous case. Thompson v. Wing
(1994), 70 Ohio St.3d 176, 183. The fact or issue must have been passed upon and determined by a court of competent jurisdiction.Id.
Appellant presented no evidence below reflecting his acquittal on the parking citation. Appellant stated he was found not guilty to the trial court but did not produce evidence such as the judgment entry reflecting an acquittal on the parking violation. Even assuming that the parking violation citation was dismissed, the two offenses are separate and distinct. A conviction on the parking ticket is not an element of the failure to comply offense. Also, an acquittal for that same parking ticket would not lead to an automatic dismissal of the failure to comply with the lawful order of a police officer citation. There were signs posted clearly stating that no parking or waiting is allowed at the airport. The airport's policy was explained to appellant who still refused to move after being asked to do so by Officer Brown. This completed the offense of failure to comply with the lawful order of a police officer. The dismissal of the parking ticket was not an issue of ultimate fact needed to be proved for the failure to comply offense. Furthermore, because appellant did not support his argument with any competent evidence, the doctrine of collateral estoppel is not applicable in the instant case.
Appellant's first assignment of error lacks merit.
 III.
In his second assignment of error, appellant argues that he was not reckless in disregarding the order of the police officer because he was legally parked. As discussed above, appellant presented no proof of an acquittal on the parking violation.
Appellant apparently is presenting a weight of the evidence argument under this assignment of error although he never actually states this or provides any law. When reviewing a challenge to the weight of the evidence, the test is whether, after reviewing the entire record and probative evidence and the inferences reasonably drawn from the evidence, the court determines that the trier of fact clearly lost its way when resolving conflicts in the evidence and created a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172,175. It is the trier of fact who is best able to weigh the evidence and pass on the credibility of the witnesses. State v.DeHass (1967), 10 Ohio St.2d 230. Only if reasonable minds could not fail to find reasonable doubt of a defendant's guilt will an appellate court reverse a conviction as being against the manifest weight of the evidence. State v. Thomas (1982), 70 Ohio St.2d 79. An appellate court will review the evidence to determine if the greater amount of credible evidence offered at trial supports one side of the issue rather than the other. State v. Thompkins (1997),78 Ohio St.3d 380.
Cleveland Municipal Code 403.02 (A) provides:
 No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control or regulate traffic.
Appellant admitted that Officer Brown told appellant he could not stay where he was parked. Appellant did not move his vehicle. Therefore, by appellant's own testimony, he did not comply with Officer Brown's lawful order to move his automobile. Appellant relies on State v. Brewer (1994), 96 Ohio App.3d 413, in which the Greene County Court of Appeals applied a reckless standard when reviewing a failure to comply with a lawful order case. Without adopting the holding of Brewer that a reckless standard and not strict liability is appropriate, the evidence in the instant case supports a finding of recklessness. Appellant ignored several posted signs stating the airport's policy regarding parking and waiting. Appellant was told by Davis that he had to move and she finally issued a parking ticket. Appellant then was approached by Officer Brown who also directed appellant to move his vehicle. Appellant refused. There was evidence admitted at trial supporting all of the elements of the offense.
Appellant's second assignment of error is overruled.
 IV.
In his third assignment of error, appellant argues that the city violated the Americans with Disabilities Act by ordering appellant to move his vehicle when the airport has no handicapped loading zones. The transcript of the hearing held below shows appellant made some argument that the lack of handicapped parking violated federal law. Appellant never cited to any specific federal law including the Americans with Disabilities Act or explained how he would have standing to assert such a claim in any event. Appellant's vague references to federal law did not sufficiently raise this issue of a violation of the Americans with Disabilities Act in the trial court permitting him to argue the issue on appeal. An appellant may not raise an issue for the first time upon appeal. See Hayes v. Toledo (1989), 62 Ohio App.3d 651.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. ADM. J. and
JAMES D. SWEENEY, J. CONCUR.
 _______________________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E)unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).