If Walton had moved his truck without the required permit two hours after Officer Edwards had given him the original order, would Walton still have been guilty of violating R.C. 2921.331(A)? What about three hours? Three days?
I believe that there must be more guidance about what is punishable under R.C. 2921.331(A) than that given by the majority. There must be a more definite limitation on the type of orders under the statute that may give rise to punishment for failure to comply.
In short, I do not believe that when the legislature enacted R.C.2921.331(A), it intended the statute to encompass the type of order that Walton was given in this case. Here, Officer Edwards ordered Walton not to move his truck until Walton obtained a necessary permit to move an oversized load. Essentially, Officer Edwards was simply ordering Walton not to break the law, as failing to obtain a permit to move an oversized load is an offense under the law. When Walton later moved the truck without the permit, he was properly charged (again) with the offense of failing to obtain a permit to move an oversized load. But he should not also have been charged with failure to comply with an order. The failure-to-comply charge resulted in an unnecessary added punishment that the legislature did not intend.
In my opinion, R.C. 2921.331(A) should not encompass orders that, if disobeyed, would result in violations of the law in any event. Rather, R.C. 2921.331(A) is only intended to encompass lawful orders that, if disobeyed, would not otherwise give rise to punishment. I would analogize the statute to R.C. 2917.13, which punishes the failure to obey orders of police officers engaged in their duties at the scenes of emergencies. Regarding R.C.2921.331(A), I believe it is intended to encompass situations where the police need to deal with traffic, but where there is no other statutory authority to cite motorists for failure to obey their orders — e.g., situations such as the rerouting of traffic due to a flood, a fire, or another emergency.
By way of example, if a police officer pulls a motorist over and tells that motorist not to speed, then that motorist should not be charged with failure to comply with an order if he or she is later caught speeding — he or she should simply be charged (again) with speeding. Likewise, the warning "don't drive until you have a proper license" is undoubtedly good advice. But the proper charge if the motorist again drives before his or her license is restored is under R.C. 4507.02, which prohibits driving without a license, not R.C. 2921.331(A), which governs the failure to follow an officer's order.
On the other hand, there are situations where the police need to make orders, but where violations of those orders would not otherwise be illegal. For instance, if an officer lawfully orders a motorist to move a vehicle that is not illegally parked, but that is otherwise obtrusive to traffic, then the motorist should be punished under R.C. 2921.331(A) if he or she recklessly fails to move the vehicle.[1] Similarly, if an officer is directing traffic, and a motorist does not comply with the directions, then that motorist should be punished under the failure-to-comply statute.
Because R.C. 2921.331(A) does not encompass the type of order given in this case, I would reverse Walton's conviction. Also, I note that all the cases that my research can uncover regarding R.C. 2921.331(A) deal with contemporaneous violations of an order.[2] Surely that is what the legislature intended. Otherwise, the statute either makes no sense or is vastly overbroad. For these reasons, I respectfully dissent.
[1] See State v. Brewer (1994), 96 Ohio App.3d 413,645 N.E.2d 120.
[2] See, e.g., Brewer, supra; Cleveland v. Benjamin
(Aug. 12, 1999), Cuyahoga App. No. 74660, unreported (city ordinance with the same language as R.C. 2921.331[A]); State v. Wagenknecht (June 29, 1994), Wayne App. No. 2864, unreported.