OPINION
This timely appeal arises from the trial court's judgment finding Appellant guilty of violating R.C. § 2921.331(B), failure to comply with an order or signal of a police officer. For the following reasons, this Court affirms the judgment of the trial court.
On or about September 1, 1997, Trooper Roger Clark of the Ohio Highway Patrol was dispatched to investigate a reported accident. En route to the scene, a pick-up truck passed him traveling in the opposite direction. Noticing mud on the left rear bumper of the truck, Clark pulled into a driveway to turn around to follow the truck. When Clark backed his car from the driveway, he spotted a stationary vehicle around a bend in the road with its lights on. Believing that the vehicle may have been at the scene of the accident that he was investigating, Clark backed his patrol car around the corner to within five or six feet of the vehicle, where he identified the vehicle as a blue Toyota four-wheel drive pick-up truck (the truck) occupied by two white males. Clark testified that he took a close look at the driver of the vehicle and then activated his pursuit lights. (Tr. p. 4). The truck, which was originally facing west-bound, made a three-point turn and fled east bound. (Tr. p. 4-5). Clark also turned around and pursued the truck. While fleeing, the driver of the truck failed to negotiate a turn and drove off the road and into a barnyard fence. When Clark came upon the vehicle, the driver and passenger both fled on foot and neither was apprehended immediately. (Tr. p. 5).
A check of the license plate number revealed that the truck was registered to Appellant, Thomas Odorizzi. (Tr. p. 6).
Appellant was subsequently cited for violating R.C. § 2921.331(B), failure to comply with an order or signal of a police officer. By a journal entry filed on December 17, 1997, Appellant was found guilty of the charge following a bench trial held the previous day.
On December 30, 1997, the trial court filed a journal entry sentencing Appellant to 180 days incarceration and to pay court costs. The trial court also suspended Appellant's driving privileges for one year.
On January 9, 1998, Appellant filed his notice of appeal. The trial court stayed the execution of Appellant's jail term and payment of costs, but did not stay the license suspension. On December 1, 1998, this Court filed a journal entry dismissing Appellant's appeal for failure to file assignments of error and brief pursuant to App.R. 18(C). Pursuant to Appellant's application for reconsideration, on January 22, 1999, we filed a journal entry vacating the dismissal and accepted Appellant's brief as filed on December 16, 1998.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN REACHING A VERDICT OF GUILTY IN THAT THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY BEYOND A REASONABLE DOUBT AND THE TRIAL COURT'S GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the State failed to produce evidence sufficient to sustain the charge against him and, in the alternative, that his conviction was against the manifest weight of the evidence. Appellant's argument concentrates on the credibility of Trooper Clark, who identified Appellant as the driver of the truck. Clark testified that his visual contact of the driver occurred while he was backing his patrol car toward the truck and looking through his rearview mirrors on an unlit street. (Tr. pp. 4, 8). Appellant also argues that Clark's testimony is unreliable as Clark was not sure whether the driver had any facial hair and that Clark did not include a physical description of the driver in his written incident report. (Tr. p. 9). Moreover, Appellant points to Clark's testimony that he did not notice that the driver had any personal defects or difficulty running from the scene. (Tr. p. 11).
Appellant argues that any incriminating testimony by Clark is negated by Appellant's own testimony that he loaned his truck to a Mr. Larenski prior to the incident and that Appellant was at an acquaintance's house, Mr. Harold Friend, at the time of the incident. (Tr. p. 19). Appellant also points to Friend's testimony that Appellant was with him at the time in question. (Tr. p. 21-22). Appellant further cites the testimony of Mr. Terry Turkle who stated that he was at a gas station at the approximate time of the incident in question when a friend and an unidentified man asked to borrow his truck to pull a vehicle from a ditch. (Tr. p. 24). Turkle testified that Appellant was not the unidentified man. (Tr. p. 24).
Appellant concludes that his conviction was based on "guess and conjecture" which are not sufficient to form the basis of a conviction.State v. Dunigatz (1991) 76 Ohio App.3d 363.
Based on our review of the record herein, this assignment of error lacks merit.
Addressing the issue of "manifest weight," the Ohio Supreme Court has determined that "sufficiency of the evidence" and "weight of the evidence" are not synonymous legal concepts. State v. Thompkins (1997),78 Ohio St.3d 380, 386. This Court has held that when reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Demiduk (June 24, 1998), Columbiana App. No. 96-CO-16, unreported, citing State v. Jenks
(1990), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Id. To reverse a lower court conviction based on legally insufficient evidence, only a concurring majority of the court of appeals panel reviewing the judgment is necessary. State v. Thompkins, supra, at 389.
On the other hand, the weight of the evidence:
 "* * * concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. * * *.'"
Id., 387, quoting Black's Law Dictionary, (6th Ed. 1990), 1594. We can reverse on the weight of the evidence only after the State has presented both sufficient evidence to support a conviction and has persuaded the fact finder to convict. Id., 388, citing Tibbs v. Florida (1982),457 U.S. 31, 41-43.
To reverse Appellant's conviction based upon the weight of the evidence, we must find that, "* * * the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. For such a reversal, all three judges on the court of appeals panel reviewing the case must unanimously concur. State v. Thompkins, 389.
In the present matter, Appellant was convicted of violating R.C. §2921.331(B) which provides that:
 "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
Thus, the state needs to prove that the above violation occurred. Moreover, "[i]t is an axiom of law that, to warrant a conviction, the evidence must establish beyond a reasonable doubt the identity of the accused as the person who committed the crime." State v. Gorgan (Jan. 10, 1990), Medina App. No. 1824, unreported, *1, citing State v. Scott
(1965), 3 Ohio App.2d 239, 244.
As noted earlier, Trooper Clark testified that he responded to an accident call when he noticed the truck in question parked at what he believed was the accident scene, and that upon activating his pursuit lights, the truck turned and fled. Later, this same truck ran off the road where the driver fled on foot. Clark also testified that he made visual contact with the driver. At trial, Clark positively identified Appellant as the driver of the truck. (Tr. p. 6).
Viewing Clark's testimony in a light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find the essential elements of the charge proven beyond a reasonable doubt. State v. Jenks, supra, paragraph two of the syllabus. Clark positively identified Appellant as the driver of the truck which fled when Clark activated his pursuit lights.
It should be noted that Appellant argues that a conviction for violating R.C. § 2921.331 requires the showing of recklessness as mental culpability. State v. Brewer (1994), 96 Ohio App.3d 413 . However, the Brewer court determined that a showing of recklessness was required only with respect to R.C. § 2921.331(A), which does not require a specific mens rea. Id., 416-417; R.C. § 2901.21(B). In contrast, the Brewer court pointed out that R.C. § 2921.331(B), which forms the basis of Appellant's conviction, provides for a separate offense, independent of the remainder of the statutory section which states that, "[n]o person shall * * * willfully * * * elude or flee a police officer." State v. Brewer, 416 quoting R.C. § 2921.331(B). (Emphasis added). In the matter before us, it can be inferred from Appellant's flight from Clark, both in his truck and on foot, that he willfully eluded the officer with culpability greater than that which Appellant argues is required.
Having determined that the prosecution presented sufficient evidence, this Court must now determine whether the trial court's judgment was against the manifest weight of the evidence. As stated earlier, the weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. State v. Thompkins, supra, 387. Appellant argues that his testimony to the effect that he did not have possession of his truck at the time of the incident and that he was with Friend at the time of the incident is more credible than the testimony of Trooper Clark. Appellant claims that this is especially true because Clark made his identification of Appellant under questionable circumstances at the scene and that part of Appellant's testimony was corroborated by Friend. However, as Appellee notes, judging the credibility of witnesses is primarily the responsibility of the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, 231. Where there exists conflicting testimony, either of which version may be true, we may not choose which view we prefer. State v. Gore (Feb. 17, 1999), Mahoning App. No. 94 CA 97, unreported, *2. "Instead, we must accede to the finder of fact who `is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" Id., quoting Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Furthermore, based on the evidence presented at trial and conceding the trial court's advantageous position, there is no indication in the record that the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, supra, at 387.
Accordingly, we hold that Appellant's assignment of error lacks merit and affirm the judgment of the trial court.
 _________________ WAITE, J.
Donofrio, J., concurs, Vukovich, P.J., concurs.