OPINION
{¶ 1} Defendant-appellant, William Peck ("Peck"), appeals from the judgment of the Willoughby Municipal Court, which found him guilty of one count of Impeding the Flow of Traffic, in violation of Willoughby City Ordinance 434.04(a), a minor misdemeanor, and one count of Failure to Comply with Order or Signal of Police Officer, a first degree misdemeanor, in violation of Willoughby City Ordinance 404.01(a) [R.C.2921.331(A)]. We affirm the decision of the trial court.
 {¶ 2} The charges against Peck arose from two separate incidents in the City of Willoughby. On Saturday, October 25, 2003, at approximately 12:30 p.m., Willoughby Police responded to a call from the Willoughby Fire Department, reporting a vehicle traveling eastbound on Euclid Avenue at a very slow speed, with its hazard lights on. Police ticketed Peck for impeding the flow of traffic.
 {¶ 3} The second incident occurred early in the morning of the next day, October 26, 2003. Patrolman George Lessick ("Lessick") responded to a complaint about a car stopped near the railroad track on Erie Road in Willoughby. While Lessick attempted to question Peck, who was stopped in the middle of the roadway blocking traffic, Peck began to drive away and was ordered to stop. When Lessick approached a second time, Peck started to drive away again. In addition, Peck did not comply with other orders given by Lessick during their encounter.
 {¶ 4} On December 13, 2003, a bench trial was held, wherein the trial court found Peck guilty of impeding the flow of traffic, for the October 25, 2003 event. With respect to the events of October 26, 2003, the trial court found Peck not guilty on the charge of stopping within fifty feet of a railroad crossing, but found Peck guilty on the charge of failure to comply. Peck received a fine of $25 for the impeding the flow of traffic charge. On January 8, 2004, the court fined Peck $100 and sentenced him to 30 days in jail on the failure to comply charge, but suspended the sentence and gave Peck six months of probation. Peck timely appealed, asserting two assignments of error:
 {¶ 5} "[1.] The trial court erred by failing to dismiss on its own motion the charges against the defendant-appellant when the state failed to establish all the elements of the charges.
 {¶ 6} "[2.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 7} With respect to the Peck's conviction for impeding the flow of traffic, Local Rule 6(A) of this court states, "a separate Notice of Appeal shall be filed in the trial court for each case appealed whether or not the case was consolidated in the trial court for hearing with one or more other cases." Since Peck only filed a notice of appeal relating to the failure to comply charge, this court is without jurisdiction to address arguments related to his conviction for impeding the flow of traffic.
 {¶ 8} Peck argues that the charges for failure to comply should have been dismissed, pursuant to Crim.R. 29 when the state failed to prove that he failed to comply with all demands made by the police. Crim.R. 29(A) provides that "[t]he court, on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In essence, he is arguing that there is insufficient evidence to convict him. We disagree.
 {¶ 9} Although Peck never motioned the trial court for acquittal under Crim.R. 29, in the context of a bench trial it is not necessary to raise the motion, as the defendant's plea of not guilty serves as the motion for a judgment of acquittal. Dayton v. Rogers (1979), 60 Ohio St.2d 162,163; see also, State v. While, 11th Dist. No. 2001-T-0051, 2003-Ohio-4594 at ¶ 28, citing North Kingsville v. Anthony (Dec. 5, 1997), 11th Dist. No. 97-A-0018, 1997 Ohio App. LEXIS 5438, at *4 fn. 3. Thus, Peck may properly argue on appeal that the evidence was insufficient to convict him.
 {¶ 10} A challenge on the basis of sufficiency of the evidence is predicated on whether the state has presented evidence for each element of the charged offense. State v. Barno, 11th Dist. No. 2000-P-0100, 2001-Ohio-4319, 2001 Ohio App. LEXIS 4280, at *16. The relevant inquiry when testing the sufficiency of the evidence is whether, after reviewing the evidence and the inferences drawn from it in the light most favorable to the prosecution, any rational trier of fact could find all elements of the offense proven beyond a reasonable doubt. Id., citing State v.Jones, 91 Ohio St.3d, 335, 345, 2001-Ohio-57. A challenge to the sufficiency of the evidence raises a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry.State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13 (citations omitted). Finally, a reviewing court should not reverse a verdict if sufficient evidence exists from which a trier of fact could reasonably conclude that all elements of an offense were proven beyond a reasonable doubt. Id. at *14. (citation omitted).
 {¶ 11} The concepts of sufficiency of the evidence and manifest weight of the evidence are distinct. "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense * * *, while `manifest weight' contests the believability of the evidence presented." Id. at 13.
 {¶ 12} Manifest weight of the evidence raises a factual issue. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. "[T]he weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St. 230, at paragraph one of the syllabus. However, when considering a weight of the evidence argument, a reviewing court may "disagree with the factfinder's resolution of the conflicting testimony." Tompkins, 78 Ohio St.3d at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. "The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact." Id, at 390 (Cook, J., concurring).
 {¶ 13} Peck urges this court to apply the factors of State v.Mattison, (1985), 23 Ohio App.3d 10, as a means of attacking the inconsistencies in the testimony of the police in comparison to his own testimony. This court has held that these factors are guidelines in considering a manifest weight argument, and has repeatedly deferred to the standards of review set forth by the Supreme Court of Ohio. See,State v. Elswick, 11th Dist. No. 2001-A-0035, 2002-Ohio-3365, at ¶ 37, citing State v. Harris (Apr. 10, 1998), 11th Dist. No. 96-T-5512, 1998 Ohio App. LEXIS 1540, at *8; State v. Alexander (Nov. 29, 1996), 11th Dist. No. 93-T-4948, 1996 Ohio App. LEXIS 5418, at *25 (citations omitted).
 {¶ 14} With respect to the charge of failure to comply with an order or signal of police officer, Willoughby City Ordinance 404.01(a), which is identical to R.C. 2921.331(A), provides that, "[n]o person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." Thus, in order to survive a sufficiency of the evidence challenge with respect to the failure to comply charge, the State needs to produce evidence which shows that: 1) a lawful order was given; and 2) Peck failed to comply with the order.
 {¶ 15} As an initial matter, Peck does not challenge the validity of the stop. Nor does he challenge Lessick's authority to give a lawful order under the ordinance. Peck does claim, however, that the facts show that he immediately complied with each request Lessick made, and therefore the State's evidence was insufficient to convict him. We disagree.
 {¶ 16} Peck urges, pursuant to the Fourth District's holding in Statev. Brewer (1994), 96 Ohio App.3d 413, that failure to comply under R.C. 2921.331(A) is not a strict liability offense, and therefore, requires a minimum showing of recklessness. We note, in our review of the applicable case law, no other district has explicitly adopted the Brewer
standard. See, State v. Odirizzi, 7th Dist. No. 98-BA-5, 2001-Ohio-3205, 2001 Ohio App. LEXIS 1209, at *9; State v. Walton (Feb. 11, 2000), 1st Dist. No. C990374, 2000 Ohio App. LEXIS 429, at *4; Cleveland v.Benjamin (Aug. 12, 1999), 8th Dist. No. 74660, 1999 Ohio App. LEXIS 3700, at *8.
 {¶ 17} R.C. 2901.22(C) defines recklessness, stating, in relevant part, that "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 18} Without adopting the recklessness standard in Brewer, we find, under the facts of the present appeal, that there is ample evidence which, if believed, would support a finding of recklessness.
 {¶ 19} Lessick testified that when he first approached Peck's car and started to ask questions, Peck started to drive away, and he had to move out of the way to avoid being hit by Peck's car. Lessick then ordered Peck to stop, and Peck complied. When Lessick approached a second time, Peck started to pull away again, even though Peck admitted at trial that he was ordered to stop after he pulled away the first time. Lessick again had to move out of the way to avoid being struck by Peck's vehicle, at which time, he ordered Peck to stop his vehicle a second time and turn off the ignition. Peck complied with Lessick's second order. Lessick also testified that, during the course of questioning, Peck began talking and reaching over toward the passenger seat of his car. Lessick testified that he told Peck not to reach for the anything and just to speak to him, but that Peck "dove back" toward the front seat of his car, at which point Lessick, fearing for his own safety, drew his weapon and yelled at Peck to put his hands on the wheel. Even if we were to presume that Peck mistakenly failed to comply with Lessick's initial order, Peck's repeated failure to comply with Lessick's other lawful orders was, at a minimum, reckless. Thus, we find there was sufficient evidence, in the testimony of Lessick and Peck's own statements, to establish all elements of the failure to comply offense beyond a reasonable doubt. Furthermore, we cannot say that, based upon the weight of the evidence, the trial court lost its way.
 {¶ 20} For the foregoing reasons, Peck's assignments of error lack merit. The judgment of the Willoughby Municipal Court is affirmed.
Ford, P.J., Rice, J., concur.