OPINION
{¶ 1} Defendant-appellant, Douglas Waldo, appeals his conviction and sentence in the Clermont County Municipal Court for failure to comply with an order or signal of a police officer. We affirm the decision of the trial court.
 {¶ 2} On August 21, 2007, at approximately 12:40 a.m., Waldo was driving along Goshen Road when Corporal Ronald Robinson of the Goshen Township Police Department attempted to stop him for a marked lane violation. When Cpl. Robinson activated his emergency lights, Waldo did not pull over, but instead, continued to proceed along Goshen *Page 2 
Road for six-tenths of a mile, passing 21 driveways and eventually turning onto Hillstation Road and into the driveway of his residence, before finally complying with Cpl. Robinson's order to stop. Cpl. Robinson cited Waldo for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A), and for operating a motor vehicle while under the influence of alcohol ("OVI") in violation R.C. 4511.19(A)(1)(a).
 {¶ 3} Following a jury trial on these charges, Waldo was acquitted of the OVI charge, but convicted on the failure to comply charge. The trial court sentenced him to 180 days in jail, which was suspended, and to community control sanctions requiring him to undergo an alcohol assessment at the Clermont Recovery Center and any subsequent treatment or follow up recommended by them.
 {¶ 4} In his first assignment of error, Waldo argues that the trial court erred in imposing a community control sanction on him that is unrelated to the crime for which he was convicted, i.e., failure to comply with an order or signal of a police officer.
 {¶ 5} Waldo's first assignment of error is overruled because the trial court's decision to impose a community control sanction requiring him to undergo an alcohol assessment and to follow any recommended treatment or follow up is: (1) reasonably related to rehabilitating Waldo, as there was evidence presented that showed Waldo had four drinks before he was pulled over by Cpl. Robinson; (2) the sanction has some relationship to the crime of failure to comply with an order or signal by a police officer, as it was reasonable for the trial court to find that Waldo's failure to comply with Cpl. Robinson's order to stop was alcohol-related, since, among other things, Waldo was chewing gum when he got out of his vehicle, which indicated he was trying to mask the odor of alcoholic beverage; and (3) the sanction relates to conduct that is criminal or reasonably related to future criminality. State v.Rhodes, Butler App. No. CA2003-12-332, 2004-Ohio-6659, ¶ 31 and 33, quoting State v. Jones (1990), 49 Ohio St.3d 51, 53. *Page 3 
 {¶ 6} In his second assignment of error, Waldo argues that the statutorily mandated sentencing scheme set forth in R.C. 2921.331(E), requiring a three-year minimum license suspension, violates the separation of powers doctrine because it impedes a trial court's ability to grant a stay.
 {¶ 7} Waldo's second assignment of error is overruled because the legislature has the power to define criminal conduct and prescribe its punishment, State v. Thompkins, 75 Ohio St.3d 558, 560, 1996-Ohio-264, and while mandatory sentencing may limit a trial court's discretion, it does not constitute a violation of the separation of powers doctrine.State v. Rosado, Cuyahoga App. No. 88504, 2007-Ohio-2782, ¶ 13, citingState v. Bonello (1981), 3 Ohio App.3d 365, 367.
 {¶ 8} In his third assignment of error, Waldo argues that his conviction for failure to comply with an order or signal of a police officer was against the manifest weight of the evidence because: (1) Cpl. Robinson's order requiring him to stop was not lawful, since the videotape from this police cruiser's camera does not show the marked lane violation for which he was ordered to stop; and (2) the evidence does not support a finding that he was reckless in failing to comply with the order.
 {¶ 9} Waldo's third assignment of error is overruled because: (1) even if the videotape from the police cruiser fails to show the actual location of Waldo's tires vis-à-vis the center and right lines of the lane, Cpl. Robinson's testimony, alone, provided sufficient proof that Waldo committed a marked lane violation by going left of center and then overcorrecting by going over the right edge line; and (2) there was ample evidence presented to show that Waldo acted recklessly in failing to comply with Cpl. Robinson's order, since the evidence showed, among other things, that Cpl. Robinson clearly signaled for Waldo to stop, but Waldo refused to do so, even though he passed 21 driveways where he could have safely stopped. *Page 4 
 {¶ 10} In his fourth assignment of error, Waldo argues that the jury's verdict finding him guilty of failure to comply is contrary to law because he refused to comply with Cpl. Robinson's order or signal for him to stop because of safety concerns. In support, he cites State v.Brewer (1994), 96 Ohio App.3d 413, which Waldo contends "seems to set forth or establish a safety or public safety exception to the failure to comply statute when charged * * * under R.C. 2921.33(A) [sic]." Alternatively, Waldo argues that he should have been charged with obstructing official business under R.C. 2921.31 rather than with failure to comply under R.C. 2921.331(A).
 {¶ 11} Waldo's fourth assignment of error is overruled becauseBrewer does not set forth or establish a "public safety exception" to R.C. 2921.331(A)'s prohibition against failing to comply with an order or signal of a police officer. Instead, Brewer merely held that R.C. 2921.331 was not a strict-liability statute, and therefore, pursuant to former R.C. 2901.21 (B), the statute had to be construed as containing the mens rea element of recklessness. See Brewer at 415-417.
 {¶ 12} Moreover, there was ample evidence presented in this case to demonstrate that Waldo did not disobey Cpl. Robinson's order to stop out of public safety concerns. Specifically, the evidence shows that before he finally stopped in his own driveway, Waldo passed 21 driveways into which he could have safely pulled over.
 {¶ 13} As to Waldo's alternative argument, the state presented sufficient evidence to support his conviction under R.C. 2921.331(A), see, e.g., State v. Harris, Franklin App. No. 05AP-27, 2005-Ohio-4553, ¶ 24, and therefore, the state was not obligated to charge him under an alternative provision of the criminal law.
 {¶ 14} Judgment affirmed.
 BRESSLER and YOUNG, JJ., concur. *Page 1