[Cite as *State v. Hoegler*, 2014-Ohio-1158.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0075** |
| GREGORY J. HOEGLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 13 TRC 2647.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*J. Chris Sestak,* Student Legal Services, Inc., Kent State University, 164 East Main Street, #203, Kent, OH 44240 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Gregory J. Hoegler appeals from the judgment of the Portage County Municipal Court, Ravenna Division, overruling his motion to suppress regarding a traffic stop, which led to his conviction for operating a vehicle under the influence of alcohol. For the reasons stated below we affirm.

{¶2} At about 1:00 a.m. on the morning of February 28, 2013, Trooper John Lamm of the State Highway Patrol was patrolling Rootstown Road, near Tallmadge

Road, in Rootstown Township, Ohio. At this time Trooper Lamm observed appellant, Gregory Hoegler, operating a vehicle on Rootstown Road. Upon following Mr. Hoegler, Trooper Lamm observed his vehicle travel left of center on two occasions within a short period of time. In each instance, Trooper Lamm testified that both of the left tires on Mr. Hoegler's vehicle crossed over the centerline.

{¶3} Based on this observation, Trooper Lamm initiated a traffic stop. Trooper Lamm determined he had probable cause to believe Mr. Hoegler was operating his vehicle under the influence of alcohol. The trooper asked Mr. Hoegler to submit to field sobriety tests, which he did. Based upon the results of these tests Mr. Hoegler was arrested and transported to the Brimfield Township Police Department where he submitted to an alcohol breath test. The test returned a BAC result of 0.140. Mr. Hoegler was charged with operating a vehicle under the influence, in violation of R.C. 4511.19(A)(1)(a); having a breath alcohol concentration in excess of .08, in violation of R.C. 4511.19(A)(1)(d); and a left-of-center violation under R.C. 4511.25.

{¶4} Mr. Hoegler moved to suppress, on the basis that Trooper Lamm had no reason for the traffic stop. Hearing went forward June 11, 2013. After hearing the testimony of Trooper Lamm and viewing a grainy DVD from the trooper's dash-cam, the trial overruled the motion to suppress. Eventually, Mr. Hoegler changed his plea to no contest; and, the trial court found him guilty of violating R.C. 4511.19(A)(1)(d) and 4511.33. The trial court stayed Mr. Hoegler's sentence pending this timely appeal.

{¶5} Mr. Hoegler assigns one errors. It reads:

{¶6} "The trial court erred in overruling appellant's motion to suppress."

{¶7} Under his assigned error, appellant presents three issues for review:

2

**{¶8}** "1. The trial courts findings of fact were not supported by competent credible evidence.

**{¶9}** "2. Trooper Lamm did not have probable cause or reasonable suspicion that a left of center violation(s) occurred and therefore violated Appellant's Fourth Amendment right against unreasonable seizures.

**{¶10}** "3. The trial (sic) did not state its essential findings of fact on the record, nor were findings apparent from the transcript, leaving the reviewing court no alternative than to review all of the evidence to determine whether the trial court's decision was based on competent credible evidence."

**{¶11}** "Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154, 2003-Ohio-5372. During a hearing on a motion to suppress evidence, the trial judge acts as the trier of fact and, as such, is in the best position to resolve factual questions and assess the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366. An appellate court reviewing a motion to suppress is bound to accept the trial court's findings of fact where they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594. Accepting these facts as true, the appellate court independently reviews the trial court's legal determinations de novo. *State v. Djisheff*, 11th Dist. Trumbull No. 2005-T-0001, 2006 Ohio 6201, at ¶19." *Geneva v. Fende*, 11th Dist. Ashtabula No. 2009-A-0023, 2009 Ohio 6380, ¶11. (Parallel citations omitted.)

3

**{¶12}** We deal with Mr. Hoegler's second issue, finding it dispositive. By it, Mr. Hoegler contends the evidence from the suppression hearing, in the form of Trooper Lamm's testimony, and the DVD of the events, does not show he committed either of the marked lanes violations, and, consequently, that Trooper Lamm had no reason to conduct a traffic stop.

**{¶13}** "A stop is constitutional if it is supported by either a reasonable suspicion or probable cause. *City of Ravenna v. Nethken*, 11th Dist. Portage No. 2001-P-0040, 2002-Ohio-3129, at ¶30-31. '(* * *) (T)he concept of an investigative stop allows a police officer to stop an individual for a short period if the officer has a reasonable suspicion that criminal activity has occurred or is about to occur.' *State v. McDonald* (Aug. 27, 1993), 11th Dist. No. 91-T-4640, 1993 Ohio App. LEXIS 4152, *10. '"In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which would warrant a man of reasonable caution in the belief that the action taken was appropriate."' Id., quoting *State v. Klein* (1991), 73 Ohio App.3d 486, 488." *Fende, supra*, at ¶13. (Parallel citation omitted.)

**{¶14}** Regarding the first alleged left of center violation, Trooper Lamm testified initially at the suppression hearing:

**{¶15}** "I'm following a vehicle that's traveling in front of me, the same direction. As you're going up Rootstown Road right there, there's going to be a curve, like an elevation curve. It goes up and down to the right. And right prior to that vehicle entering the curve, I was a little worried. He swerved left of center. Both of his left tires crossed over the centerline."

4

**{¶16}** Regarding the second left of center violation, Trooper Lamm stated at the suppression hearing, "[A]s we were out of the curve, once again, I observed his vehicle, both of his left tires cross over the centerline again." When asked how far the two driver's side tires went over the centerline, the trooper responded they went completely over by about "one tire-width."

**{¶17}** Mr. Hoegler contends the DVD from Trooper Lamm's cruiser fails to support Trooper Lamm's testimony from the suppression hearing concerning the left of center violations. We agree. However, we note the DVD likewise fails to establish that the left of center violations did *not* occur.

**{¶18}** Our own review of the DVD of the incident made by Trooper Lamm comports with his testimony at the suppression hearing: it is extremely grainy, and it is not possible to see on the DVD what the trooper saw from inside his patrol car. The evidentiary value of the DVD is very limited. While Mr. Hoegler's car appears to drift toward the center lane during the times Trooper Lamm testified he observed the left of center violations, the DVD quality is simply too poor to be conclusive. We are therefore left with only the testimony of Trooper Lamm to resolve this matter.

**{¶19}** Following oral argument in this matter, Mr. Hoegler submitted supplemental authority on this issue, that being the February 3, 2014 decision in *State v. Harper*, 9th Dist. Medina No. 12CA0076-M, 2014-Ohio-347. In that case, the Ninth District determined, in relevant part, that the arresting officer had no reasonable, articulable suspicion for stopping appellant's car. *Id.* at ¶16. The arresting officer testified that appellant's car was approaching too close to a truck in front of it, and suddenly swerved in front of another vehicle. The Ninth District noted:

5

{¶20} "[U]pon careful review of the dash-cam video, which was submitted as evidence during the suppression hearing, it is clear that Ms. Harper did not pull out in front of *any* vehicles when changing lanes from far-right to center. In fact, other than the trooper's police cruiser, there were no other vehicles visible in the center lane of traffic. However, although the dash-cam video evidence directly contradicts Trooper Ausse's testimony that Ms. Harper failed to yield to oncoming traffic while changing lanes, the trial court incorrectly found that Trooper Ausse 'saw (Ms. Harper's vehicle) () (move from) the right lane to the center lane *just in front of another vehicle.'* (Emphasis added.) Additionally, the trial court found that Trooper Ausse witnessed this lane change violation while remaining stationary in the median, when the dash-cam video reveals that the trooper had initiated his pursuit and was already following Ms. Harper when she changed lanes." *Id.* at ¶14.

{¶21} The situation in *Harper* is distinguishable from that in this case. In *Harper*, the dash-cam video directly contradicted the arresting officer's testimony. In this case, it neither supports, nor contradicts, that testimony.

{¶22} A lower court's factual findings are to be accorded "great deference." *Kirtland Hills v. Hall*, 11th Dist. Lake No. 2008-L-005, 2008-Ohio-3391, ¶30 ("[a]n appellate court is to give great deference to the judgment of the trier of fact," where the motion to suppress has been *denied*). The Supreme Court of Ohio has clearly and consistently held that "the trial court is best able to decide facts and evaluate the credibility of witnesses. Its findings of fact are to be accepted if they are supported by competent, credible evidence, and we are to independently determine whether they

satisfy the applicable legal standard." *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, ¶41.

{¶23} The trial court found, based on the testimony of Trooper Lamm at the suppression hearing, that "he viewed the Defendant's vehicle go left of center on more than one occasion and the Court believes that his testimony is credible." We note that Mr. Hoegler failed to show, through photographic evidence or cross-examination, any basis for the trial court to question the credibility of Trooper Lamm's testimony. Since the court's factual finding is supported by competent, credible evidence, we must defer and affirm the lower court's Judgment. *See, e.g., State v. Ewing*, 10th Dist. Franklin No. 09AP-776, 2010-Ohio-1385, ¶20. Mr. Hoegler's second assignment of error is without merit.

{¶24} Regarding Mr. Hoegler's first issue – that the trial court's findings of fact were not supported by competent credible evidence – we find our disposition of the second issue disposes of this as well. As noted above, Trooper Lamm's testimony was competent and credible and the trial court was justified in relying upon it in denying the motion to suppress. Mr. Hoegler's first issue is without merit.

{¶25} In his third issue, Mr. Hoegler avers the trial court did not state its findings of fact on the record, nor were they apparent from the transcript. He argues this supports his assertion the trial court's findings were not supported by competent, credible evidence. We disagree.

7

{¶26} The trial court denied Mr. Hoegler's motion to suppress from the bench following the hearing. The court issued a written order denying Mr. Hoegler's motion to suppress. Mr. Hoegler later filed a motion asking the trial court to state its findings on the record. This motion was denied.

{¶27} In evaluating a suppression motion as the trier of fact, the trial court must follow Crim.R. 12(F), which states: "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." "The underlying rationale of Crim.R. 12(F) is to allow for effective judicial review." *Kirtland Hills v. Medancic*, 11th Dist. Lake Nos. 2011-L-136 and 2011-L-137, 2012-Ohio-4333, ¶8, citing *State v. Marinacci*, 5th Dist. No. 99-CA-37, 1999 Ohio App. LEXIS 5279, *4 (Nov. 3, 1999). "Indeed, only with a recitation of the trial court's factual findings is a reviewing court able to properly determine whether the findings are supported by the record and whether the correct law was applied to those facts. Conversely, '(i)f the trial court does not make findings of fact, appellate review of the decision is hampered.'" *Medancic* at ¶8, quoting *State v. Bailey*, 5th Dist. No. CT2002-0041, 2003 Ohio App. LEXIS 5690, *6 (Nov. 21, 2003). However, it is not reversible error for a trial court to fail to place these findings in writing, so long as they are apparent from the transcript of proceedings.

{¶28} A review of the transcript shows the trial court made the essential findings of fact at the end of the suppression hearing. As noted above, the trial court believed that Trooper Lamm's testimony at the suppression hearing was credible and, based upon it, "the Court believes that there was sufficient reason for the stop and the subsequent action." Mr. Hoegler's third issue is without merit.

{¶29} For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed. The court finds there were reasonable grounds for this appeal.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.