OPINION
{¶ 1} This is an accelerated calendar appeal, submitted to this court on the record and the brief of appellant, John S. Millik. Appellee, the state of Ohio, has not filed an appellate brief. Millik appeals the judgment entered by the Warren Municipal Court. Millik was convicted of failure to comply with order or signal of police officer in violation of R.C. 2921.331.
 {¶ 2} On July 16, 2004, an accident occurred at the intersection of Howland Wilson Road and King Graves Road in Howland, Ohio. Several emergency response vehicles and police officers responded to the scene, including Patrolman Eric Hoso of the Howland Police Department. The accident involved two vehicles and three or four people were injured.
 {¶ 3} Patrolman Hoso testified that he was assigned to traffic control at the intersection. He would intermittently allow traffic to proceed through the intersection around the scene of the accident. At one point, a paramedic asked him to stop all traffic, as they were preparing to transport one of the victims of the accident to the hospital. Patrolman Hoso stopped all traffic.
 {¶ 4} There were three cars stopped in the eastbound lane of King Graves Road. Millik, also traveling eastbound on King Graves Road, approached this line of stopped traffic. Thereafter, Millik crossed the center of the road, entered the westbound lane, and passed the three vehicles in front of him. Patrolman Hoso verbally stopped Millik and asked him if he saw the stopped traffic. Millik responded that he saw that the traffic was stopped, but informed Patrolman Hoso of his opinion that traffic did not need to be stopped in all directions. After this brief conversation, Millik turned left and proceeded north on Howland Wilson Road.
 {¶ 5} Patrolman Hoso noted Millik's license plate number. Through this information, Millik was identified as the driver of the vehicle. A few days after this incident, Sergeant John Rumancik of the Howland Police Department spoke with Millik about the incident. Millik admitted to Sergeant Rumancik that he drove around the stopped vehicles.
 {¶ 6} Millik was given a citation for failure to comply with order or signal of police officer. Millik pled not guilty to this charge, and a bench trial was held. At the close of the state's case-in-chief, Millik moved for acquittal pursuant to Crim.R. 29. The trial court denied his motion. Millik testified in his own defense. He described a similar version of the events to those described by Patrolman Hoso. The trial court found Millik guilty of the offense and ordered him to pay a $750 fine, plus court costs.
 {¶ 7} Millik raises the following assignment of error:
 {¶ 8} "The trial court erred in finding appellant `guilty' of the charged offense; and entering judgment and sentence thereon."
 {¶ 9} Millik's contention that the trial court erred is very general. We will construe Millik's assignment of error as challenging his conviction as being based on insufficient evidence and being against the manifest weight of the evidence.
 {¶ 10} A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction.[1]
When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[2]
 {¶ 11} Millik was charged with failure to comply with order or signal of police officer in violation of R.C. 2921.331, which provides, in part:
 {¶ 12} "(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic."
 {¶ 13} The Tenth Appellate District has held that the requisite mental state for a violation of R.C. 2921.331 is recklessness.[3] The court reasoned that R.C. 2921.331 does not specify a mental state nor propose that it is a strict liability offense, thus, pursuant to R.C. 2901.21(B), the culpability level is one of recklessness.[4] We agree with this analysis.
 {¶ 14} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."[5]
 {¶ 15} Patrolman Hoso testified that he was in uniform and acting in his official capacity as a police officer. Further, he testified that he ordered all the traffic to stop. Thus, there was sufficient evidence that there was a lawful order of a police officer.
 {¶ 16} Patrolman Hoso testified that Millik crossed the center of the roadway and passed three vehicles that were stopped in front of him. Millik admitted to Sergeant Rumancik that he did, in fact, pass the vehicles. As such, the state presented evidence that Millik did not comply with Patrolman Hoso's order.
 {¶ 17} The following evidence suggests Millik acted recklessly when he passed the other vehicles. Sergeant Rumancik testified that there were several police officers at the accident scene. Patrolman Hoso testified that his patrol car was parked with its lights on. Thus, there was evidence that the vehicles were stopped due to a police order. Moreover, when Patrolman Hoso verbally stopped Millik's vehicle, Millik indicated that the traffic did not need to be stopped in all directions. This statement is evidence that Millik was aware that Patrolman Hoso had ordered the vehicles in front of him to stop. By passing the stopped vehicles and proceeding through the intersection, with the presence of several police cars and other emergency vehicles, Millik disregarded a known risk that his conduct was likely to result in his failure to comply with an order from a police officer.
 {¶ 18} Millik argues that there was not a specific order from Patrolman Hoso. We agree that Patrolman Hoso did not give Millik a direct, personal order to stop his vehicle. However, based on the totality of the circumstances, there was an implied order for Millik to stop. The vehicles in front of him were stopped by a police officer at an accident scene. To hold otherwise would require an officer to go car to car and inform each and every driver when they may or may not proceed. Such a requirement is impractical and contrary to efficient traffic control.
 {¶ 19} When viewed in a light most favorable to the prosecution, a reasonable person could find Millik guilty of failing to comply with order or signal of police officer. Therefore, there was sufficient evidence to sustain Millik's conviction.
 {¶ 20} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 21} "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"[6]
 {¶ 22} Millik testified on his own behalf. Millik testified his wife is a manager of a local business and he communicates with her frequently regarding traffic conditions for the purposes of deliveries. Specifically, he stated that he was aware of the accident at the intersection of King Graves Road and Howland Wilson Road prior to arriving at the scene. Despite this knowledge, he still approached the intersection instead of taking an alternative route. Millik testified that there were two State Highway Patrol cars and two Howland Police cars on the scene. However, he testified that he did not see an officer give him an order to stop. He stated he was attempting to get out of the way by leaving the scene of the accident when he passed the other vehicles.
 {¶ 23} Based on Millik's testimony, the trial court found that he knowingly violated Patrolman Hoso's order. At the appellate level, we make no determination as to whether Millik's actions rose to the level of knowingly committing the offense. However, we conclude that the trial court did not lose its way or create a manifest miscarriage of justice by finding that Millik recklessly failed to comply with order or signal of police officer.
 {¶ 24} Millik's conviction was not against the manifest weight of the evidence.
 {¶ 25} Millik's assignment of error is without merit.
 {¶ 26} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] Crim.R. 29(A).
[2] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307.
[3] State v. Brewer (1994), 96 Ohio App.3d 413, 417.
[4] Id. at 415.
[5] R.C. 2901.22(C).
[6] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.