OPINION
{¶ 1} Defendant-Appellant, Raymond Allen Shafer, II, appeals the judgment of the Hardin County Court of Common Pleas, convicting him of one count of criminal trespass and one count of failure to comply with an order or signal of a police officer. Shafer appeals only the verdict on the failure to comply with an order or signal of a police officer charge, arguing that there was insufficient evidence presented at trial to support the jury's verdict and that the manifest weight of the evidence does not support the jury's verdict. Finding that there was sufficient evidence presented at trial and that the manifest weight of the evidence supports the jury's verdict, we affirm the judgment of the trial court.
 {¶ 2} In March of 2005, the Hardin County Grand Jury indicted Shafer for one count of burglary in violation of R.C.2911.12(A)(4), a felony of the fourth degree, and one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.33(A), (C)(2), a misdemeanor of the first degree. In April of 2005, Shafer pled not guilty to both counts in the indictment.
 {¶ 3} In October of 2005, Shafer moved for the jury to be instructed on the lesser included offense of criminal trespass, under R.C. 2911.21, a misdemeanor of the fourth degree, which the trial court granted.
 {¶ 4} In November of 2005, a jury trial was held. At the jury trial, the following testimony was presented:
 {¶ 5} The State's first two witnesses were Cherie Thomas and Heather Powell. Both Ms. Thomas and Ms. Powell testified about the events pertaining to Shafer's alleged burglary offense. Additionally, Ms. Powell testified that while on the phone with the police, she gave the dispatcher a description of the car Shafer was driving when he left the scene.
 {¶ 6} The State's third witness was Sergeant Robert Lutes of the City of Kenton Police Department. Sergeant Lutes testified that on February 21, 2005, he was on duty, patrolling in a marked patrol car wearing a long sleeved uniform, when he received a call about a gentleman attempting to gain entry into a residence. Sergeant Lutes continued that as he was approaching the area of the residence, he was notified that the suspect was leaving in a red car. Sergeant Lutes also testified that as he was going westbound on West North Street, he observed the red car pulling into a residence directly to the east of Ms. Thomas' residence. Sergeant Lutes continued that the red car was backed onto West North Street and then was turned north onto North Oak Street and left the scene at a high rate of speed. Sergeant Lutes stated that he then positioned his patrol car behind the red car and activated his lights, because he believed that the red car "was the vehicle in question." (Trial Tr. p. 54).
 {¶ 7} Sergeant Lutes continued that after he activated his lights, the red car started to accelerate northbound on North Oak Street. Sergeant Lutes testified that in response, he activated his siren while he "was on [North] Oak Street between Grove and North Street." (Trial Tr. p. 54). Sergeant Lutes then stated that the red car continued northbound through the intersection of Oak and Grove, made a right hand turn onto Carey Street, and pulled into the driveway of the next residence off that intersection. Sergeant Lutes continued that Shafer exited the red car from the driver's side.
 {¶ 8} Sergeant Lutes testified that he had pursued Shafer's red car approximately two and a half blocks, which lasted less than one minute, before Shafer pulled over. Sergeant Lutes also testified that the posted speed limit in the area during the pursuit was twenty-five miles per hour, but he believed, based upon his experience, that the highest speed Shafer's red car reached was approximately forty-five miles per hour. Additionally, Sergeant Lutes noted that when he first turned onto North Oak Street, Shafer's red car was pulling away from him as he was accelerating his patrol car. Further, Sergeant Lutes testified, "[Shafer] was traveling well above the posted speed limit." (Trial Tr. p. 57).
 {¶ 9} The State's final witness was Detective Marc Coffman, who confirmed that he took the pictures, which were used as exhibits during the trial, and that Sergeant Lutes had summoned him.
 {¶ 10} After the State rested, Shafer moved for acquittal under Crim.R. 29, which the trial court overruled.
 {¶ 11} Then, Shafer testified on his own behalf. Shafer began his testimony with a description of the events relevant to the alleged burglary offense.
 {¶ 12} Next, Shafer was questioned about what occurred after he left Ms. Thomas' residence. Shafer stated that he drove up Oak Street near Carey Street while attempting to call his friend, Howard, on his cell phone. Shafer testified that he went down Leighton and turned onto North Street, while he was talking to Howard. Shafer noted that Sergeant Lutes was right behind him when he reached Grove Street, and that he then proceeded around the corner and parked his car. Additionally, Shafer testified that he did not notice Sergeant Lutes behind him until he crossed Grove Street and that he had traveled about a half of a block before he pulled over. Further, Shafer testified that he did not pull over right when he saw Sergeant Lutes' lights, because there was no place to pull over. Specifically, Shafer stated that there were three cars along the road and that he pulled into his friend's driveway, because he knew there would be an open parking spot.
 {¶ 13} After Shafer testified, he renewed his Crim.R. 29 motion for acquittal, which the trial court overruled.
 {¶ 14} At the conclusion of the trial, the jury found Shafer not guilty of the offense of burglary as charged in the indictment, but guilty of the lesser included offense of criminal trespass. Additionally, Shafer was found guilty of failure to comply with the order or signal of a police officer as charged in the indictment.
 {¶ 15} Subsequently, Shafer was sentenced to fifteen days in jail and ordered to pay a one hundred dollar fine and costs for his conviction of criminal trespass. Also, Shafer was sentenced to serve ninety days in jail, with seventy-five days suspended, and ordered to pay a one hundred dollar fine for his conviction of failure to comply with the order or signal of a police officer. The trial court ordered these two sentences to be served consecutively to each other. Additionally, Shafer was placed on three years of supervised probation for both counts.
 {¶ 16} It is from this judgment that Shafer appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I The evidence presented at trial was insufficient to supportthe jury's guilty verdict on the charge of Failure to Comply withan Order or Signal of a Police Officer, in that the officer'spursuit of the Defendant occurred over a short distance, andlasted less than one minute.
 Assignment of Error No. II The guilty verdict on the court of Failure to Comply with anOrder or Signal of a Police Officer was not supported by themanifest weight of the evidence.
 {¶ 17} In his first and second assignments of error, Shafer asserts that his conviction for failure to comply with an order or signal of a police officer was not supported by sufficient evidence and was against the manifest weight of the evidence. Because "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different", we will address each separately. State v. Thompkins
(1997), 78 Ohio St.3d 380, 1997-Ohio-52, para. two of the syllabus.
 Assignment of Error No. I {¶ 18} In his first assignment of error, Shafer asserts that the evidence was insufficient to support the jury finding that he was guilty beyond a reasonable doubt. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, para. two of the syllabus, superseded by state constitutional amendment on other grounds as recognized in State v. Smith,80 Ohio St.3d 89, 1997-Ohio-355.
 {¶ 19} As noted above, Shafer was charged with and convicted of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A), (C)(2), a misdemeanor of the first degree. Shafer asserts that the evidence was insufficient to support his conviction. We disagree.
 {¶ 20} R.C. 2921.331 provides, in pertinent part:
(A) No person shall fail to comply with any lawful order ordirection of any police officer invested with authority todirect, control, or regulate traffic.
* * *
(C)(1) Whoever violates this section is guilty of failure tocomply with an order or signal of a police officer. (2) Aviolation of division (A) of this section is a misdemeanor of thefirst degree.
 {¶ 21} The Tenth and Eleventh Appellate Districts have held that the requisite mental state for a violation of R.C. 2921.331
is recklessness. State v. Brewer (1994), 96 Ohio App.3d 413,417; State v. Millik, 11th Dist. No. 2005-T-0003,2006-Ohio-202, at ¶ 13. Since R.C. 2921.331 does not specify a mental state nor plainly indicate a purpose to impose strict liability, we also hold that the culpability level for a violation of R.C. 2921.311 is recklessness. R.C. 2901.21(B),Brewer, 96 Ohio App.3d at 415; see also State v. Collins
(2000), 89 Ohio St.3d 524.
 {¶ 22} The culpability level of recklessness is defined in R.C. 2901.22(C). R.C. 2901.22(C) provides:
A person acts recklessly when, with heedless indifference tothe consequences, he perversely disregards a known risk that hisconduct is likely to cause a certain result or is likely to be ofa certain nature. A person is reckless with respect tocircumstances when, with heedless indifference to theconsequences, he perversely disregards a known risk that suchcircumstances are likely to exist.
 {¶ 23} On appeal, Shafer argues that the record fails to demonstrate that he failed to comply with an order or signal of a police officer. Specifically, Shafer argues that there was no evidence produced at trial that could reasonably be construed as reckless behavior. As noted above, Sergeant Lutes testified that on February 21, 2005, he was going westbound on West North Street, when he observed Shafer's car pulling into a residence directly to the east of Ms. Thomas' residence. Sergeant Lutes also noted that Shafer left the scene at a high rate of speed. Additionally, Sergeant Lutes testified that after he activated his lights, Shafer's car started to accelerate northbound on North Oak Street, and in response, he activated his siren while he was on North Oak Street between Grove and North Street. Sergeant Lutes also testified that he pursued the red car approximately two and a half blocks, which lasted less than one minute, before Shafer pulled over. Sergeant Lutes also noted that the posted speed limit in the area during the pursuit was twenty-five miles per hour, but he believed, based upon his experience, that the highest speed that Shafer's red car reached was approximately forty-five miles per hour. Additionally, Sergeant Lutes noted that when he first turned onto Oak Street, Shafer was pulling away from him as he was accelerating his patrol car. Further, Sergeant Lutes stated, "Shafer was traveling well above the posted speed limit." (Trial Tr. p. 57). We also note that the jury was properly instructed on issue of recklessness.
 {¶ 24} Therefore, viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, we find that there was legally sufficient evidence to support Shafer's conviction of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(A). Accordingly, Shafer's first assignment of error is overruled.
 Assignment of Error No. II {¶ 25} In his second assignment of error, Shafer argues that his conviction for failure to comply with the order or signal of a police officer was against the manifest weight of the evidence. Specifically, Shafer argues that jury verdict ignores the lack of evidence to support the element of recklessness, given the evidence on the short duration of Sergeant Lutes' pursuit and Shafer's reasonable explanation of his conduct. We disagree.
 {¶ 26} When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.
 {¶ 27} As noted above, Sergeant Lutes testified that on February 21, 2005, he was going westbound on West North Street, when he observed Shafer's car pulling into a residence directly to the east of Ms. Thomas' residence. Sergeant Lutes also noted that Shafer left the scene at a high rate of speed. Additionally, Sergeant Lutes testified that after he activated his lights, Shafer's car started to accelerate northbound on North Oak Street, and in response, he activated his siren while he was on North Oak Street between Grove and North Street. Sergeant Lutes also testified that he pursued the red car approximately two and a half blocks, which lasted less than one minute, before Shafer pulled over. Sergeant Lutes also noted that the posted speed limit in the area during the pursuit was twenty-five miles per hour, but he believed, based upon his experience, that the highest speed that Shafer's red car reached was approximately forty-five miles per hour. Additionally, Sergeant Lutes noted that when he first turned onto Oak Street, Shafer was pulling away from him as he was accelerating his patrol car. Further, Sergeant Lutes stated, "Shafer was traveling well above the posted speed limit." (Trial Tr. p. 57).
 {¶ 28} However, Shafer argues that his testimony shows that he did not recklessly fail to comply with the order or signal of Sergeant Lutes. While Shafer is correct that Sergeant Lutes' testimony was in conflict with his own testimony, all of that information was before the trier of fact. In State v. Awan
(1986), 22 Ohio St.3d 120, 123, the Ohio Supreme Court emphasized that appellate courts must defer conflicts in the evidence to the trier of fact who had the opportunity to hear witnesses and observe their demeanor. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." Id.
 {¶ 29} The credibility of Sergeant Lutes' and Shafer's testimony was an issue for the trier of fact. Obviously, the jury opted to believe and accept Sergeant Lutes' version of the events surrounding the incident. Without more, we will not second guess the conclusion of the trier of fact.
 {¶ 30} Accordingly, Shafer's second assignment of error is overruled.
 {¶ 31} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J., and Shaw, J., concur.