[Cite as *Cleveland v. Krebs*, 2018-Ohio-746.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105814

---

# CITY OF CLEVELAND

### PLAINTIFF-APPELLEE

## vs.

# JOHN A. KREBS

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 TRD 008680

**BEFORE:** Boyle, J., E.A. Gallagher, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 1, 2018

**ATTORNEYS FOR APPELLANT**

Larry W. Zukerman
S. Michael Lear
Zukerman, Daiker & Lear Co., L.P.A.
3912 Prospect Avenue
Cleveland, Ohio   44115


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland
Bryan Fritz
Assistant City Prosecutor
601 Lakeside Avenue, Room 106
Cleveland, Ohio   44114

MARY J. BOYLE, J.:

{¶1}   Defendant-appellant, John Krebs, appeals from a judgment of the Cleveland Municipal Court convicting him of several misdemeanor traffic offenses stemming from an alleged illegal right-hand turn.    He raises three assignments of error for our review:

> 1. The trial court failed to obtain a valid jury waiver from the Appellant prior to conducting a bench trial in the instant matter, thus violating appellant's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> 2. The trial court's judgments of conviction against appellant are based upon insufficient evidence and in violation of appellant's state and federal due process rights.
>
> 3. The judgments of conviction as to all counts are against the manifest weight of the evidence, in violation of appellant's right to a fair trial and due process of law, as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

{¶2}   After careful review of the record, we agree with Krebs's first assignment of error in part, i.e., we agree that the trial court failed to obtain a valid jury waiver on the failure to comply charge.   The trial court did, however, have jurisdiction to conduct a bench trial on the two minor misdemeanor offenses: failure to yield to a public safety vehicle and driving on the sidewalk.

{¶3} We further agree with Krebs's second assignment of error that the city failed to present sufficient evidence of failure to comply and failure to yield to a public safety vehicle.

{¶4}   Thus, while we would normally remand Krebs's conviction for failure to

comply with a lawful order of police due to the trial court's failure to obtain a valid jury waiver, that is not necessary in this case because the state failed to present sufficient evidence of this charge.

{¶5} Finally, we disagree with Krebs that his conviction for driving on a sidewalk is against the manifest weight of the evidence.

{¶6} We, therefore, vacate Krebs's convictions for failure to comply with a lawful order of police and failure to yield to a public safety vehicle, and affirm his conviction for driving on the sidewalk.

## I. Procedural History and Facts

{¶7} In March 2017, Krebs was cited for (1) failure to comply with a lawful police order in violation of Cleveland Codified Ordinances ("CCO") 403.02(A), a first-degree misdemeanor offense, (2) failure to yield to a public safety vehicle in violation of CCO 431.21, a minor misdemeanor offense, and (3) driving on the sidewalk, street, lawn, or curbs in violation of CCO 431.37, a minor misdemeanor offense.

{¶8} At his arraignment, Krebs pleaded not guilty to the charges and also signed and filed a written jury demand. On April 26, 2017, the trial court convened for a bench trial. The trial transcript establishes that at the outset of the proceeding the judge gave all parties notice of the previously filed jury demand and asked Krebs if he wanted to proceed to a bench trial. After consulting with his attorney, Krebs stated that he did. There is no indication in the record that Krebs ever executed a written jury waiver before his trial commenced or at any point thereafter. The following facts were presented to the

bench.

{¶9} On the evening of March 14, 2017, there was a Cleveland Cavaliers game in downtown Cleveland. The game was sold out, and at around 5:30 p.m. there were many pedestrians and vehicles in downtown Cleveland. Rafael Mercado, a Cleveland police officer, was instructed by his supervisor to block the intersection of Prospect Avenue and Huron Road so that vehicles traveling on Prospect Avenue could not drive onto Huron Road.

{¶10} Officer Mercado testified that he parked his police vehicle, a sports utility vehicle, in the middle of Prospect Avenue, parallel to the crosswalk on Huron Road, and faced his car forward (east) on Prospect Avenue. In doing so, he said that he blocked cars from turning onto Huron Road from Prospect Avenue. He also activated the lights on his police vehicle. Officer Mercado, who was in his police uniform and wearing a green vest, got out of his vehicle and began directing traffic from all directions away from Huron Road.

{¶11} At around 5:30 p.m., Krebs, who was going to the game, was driving east on Prospect Avenue and turned right onto Huron Road to get to the "east garage" to park for the Cavaliers game. Officer Mercado testified that when he saw Krebs's vehicle begin to make the right-hand turn, he was about 15 feet away from Krebs, and he signaled Krebs to stop and began walking toward Krebs's car. Officer Mercado said that Krebs ignored his command, continued turning right onto Huron Road, and that to do so Krebs had to drive onto the sidewalk to "squeeze right through" and avoid hitting Officer

Mercado's police vehicle.

**{¶12}** Officer Mercado immediately got into his vehicle, followed Krebs and effectuated a traffic stop. He then issued Krebs the three citations.

**{¶13}** Krebs testified that he saw the police vehicle, but did not see a police officer. He thought that a police officer must be directing traffic on the other side of the police vehicle. Krebs further stated that he did not hear Officer Mercado's command to stop because he had his windows rolled up and his radio on in his car. Krebs stated that when he turned right, he could see that he had "adequate room to get by," make the turn onto Huron Road and that he did not have to drive on the sidewalk to do so. Krebs felt his tires brush the edge of the curb, but he did not drive onto the sidewalk.

**{¶14}** The trial court found Krebs guilty on all counts and sentenced him to a suspended jail term of ten days, with fines amounting to $275 and court costs. It is from this judgment that Krebs now appeals.

## II. Jury Waiver

**{¶15}** In his first assignment of error, Krebs argues that the trial court erred in conducting a bench trial instead of a jury trial. We agree in part.

**{¶16}** Under the Ohio Rules of Criminal Procedure, a defendant has the right to be tried by a jury for certain petty offenses, which are generally considered to be misdemeanor offenses carrying up to a six-month term of imprisonment. Crim.R. 23(A), (C) (D).

**{¶17}** Relevant to this appeal, Crim.R. 23(A) states:

In petty offense cases, *where there is a right of jury trial*, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

(Emphasis added.)

{¶18} Although a defendant has a right to a jury trial for certain petty offenses if properly invoked by the dictates of Crim.R. 23(A), the right does not extend to minor misdemeanor offenses. R.C. 2945.17(B)(1).

{¶19} Once a defendant has invoked his or her right to a jury trial on applicable petty offenses, R.C. 2945.05 governs how a defendant may go about waiving the previously invoked right. It states:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I ____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶20} In interpreting R.C. 2945.05, Ohio courts have been very clear that "to be valid, a waiver [under Section 2945.05] must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made

in open court." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 9; *State v. Fisher*, 8th Dist. Cuyahoga No. 101365, 2015-Ohio-597, ¶ 21. "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus.

**{¶21}** In this case, Krebs validly invoked his right to a jury trial on the failure to comply with a lawful police order — a first-degree misdemeanor violation — when he filed a written jury demand that complied with the dictates of Crim.R. 23(A). There is no indication in the record, however, that Krebs ever validly waived his right to be tried by a jury on this charge by signing a written waiver pursuant to R.C. 2945.05. Accordingly, his conviction for failure to comply must be vacated. *See State v. Riggins*, 9th Dist. Summit No. 28080, 2017-Ohio-80; *State v. White*, 5th Dist. Muskingum No. CT2013-0039, 2013-Ohio-5858; *State v. Grier*, 2d Dist. Montgomery No. 23662, 2010-Ohio-5751.

**{¶22}** With respect to the two minor misdemeanor offenses, however, we find that the court had jurisdiction to conduct a bench trial on them (failure to yield to a public safety vehicle and driving on a sidewalk or curb), because there is no right to a jury trial for minor misdemeanors. R.C. 2945.17(B)(1); *see also State v. Elder*, 11th Dist. Lake No. 2014-L-001, 2014-Ohio-4312, ¶ 67 (finding no error where a trial was bifurcated into a bench trial on minor misdemeanor offenses and a jury trial on applicable petty offenses).

**{¶23}** We, therefore, vacate Krebs's conviction for failure to comply in violation of CCO 403.02(A). While we would normally remand for a new trial on this charge, it is not necessary in this case (due to a lack of sufficient evidence for failure to comply as discussed in the next assignment of error).

**{¶24}** Krebs's first assignment of error is sustained in part and overruled in part.

### III. Sufficiency of the Evidence

**{¶25}** In his second assignment of error, Krebs argues that there was insufficient evidence to sustain two of his convictions: failure to comply with a lawful police order and failure to yield to a public safety vehicle. Although we vacated Krebs's failure to comply conviction and remanded for a new trial, we must still address the sufficiency of the evidence argument due to double jeopardy concerns. *State v. Willis,* 8th Dist. Cuyahoga No. 98847, 2013-Ohio-2531, ¶ 26; *State v. Fussell*, 8th Dist. Cuyahoga No. 95875, 2011-Ohio-4950, ¶ 42. We will, therefore, address both of Krebs's sufficiency arguments.

**{¶26}** "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), citing *Black's Law Dictionary* 1433 (6th Ed.1990). When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

### A. Failure to Comply with Lawful Police Order

{¶27} To prove beyond a reasonable doubt that Krebs failed to comply with a lawful order of police under CCO 403.02(A), the prosecution had to establish that Krebs "fail[ed] to comply with any lawful order or direction of any police officer invested with authority to direct, control or regulate traffic." This provision is identical to R.C. 2921.331(A) and, thus, we will use case law interpreting this statute as well.

{¶28} CCO 403.02(A), like R.C. 2921.331(A), does not specify a mens rea required to impose criminal liability. When statutes do not specify a mens rea for an offense, courts are guided by R.C. 2901.21, which states in subsection (B):

> When the language defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense.

{¶29} This statute further states in subsection (C)(1):

> When language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly.

{¶30} This court has adopted the holding in *State v. Brewer*, 96 Ohio App.3d 413, 645 N.E.2d 120 (2d Dist.1994), which held that R.C. 2921.331(A) is not a strict liability offense, but rather requires the state to prove beyond a reasonable doubt that the defendant acted recklessly. *State v. Elliott*, 8th Dist. Cuyahoga No. 91999,

2009-Ohio-5816, ¶ 64-65, citing *Brewer*. In *Brewer*, the trial court dismissed the complaint against the defendant because the state failed to include a mens rea in the complaint for R.C. 2921.331(A). The state argued on appeal that the offense was a strict liability offense.

**{¶31}** The Second District explained that "the rule of law emerging" from cases when a statute does not identity a particular mental state nor does it plainly indicate strict liability, is that the statute "may nevertheless plainly indicate a legislative intent to impose strict liability if the statute is structured so as to proscribe an act with 'expressly differentiated degrees of culpability.'" *Id*. at 415-416, quoting *State v. Parrish*, 12 Ohio St.3d 123, 465 N.E.2d 873 (1984). The court explained:

> For example, in *State v. Wac* [68 Ohio St.2d 84, 86, 428 N.E.2d 428 (1981)], the court found a "plain indication" that the crime of bookmaking as defined in R.C. 2915.02(A)(1) was meant to be a strict liability offense. R.C. 2915.02(A)(1) provides, "No person shall engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking."

**{¶32}** The Second District applied the reasoning in *Parrish* and *Wac* to failure to comply with a lawful order of police under R.C. 2921.331(A). It held that because R.C. 2921.331(A) does not prescribe different culpabilities within the subsection, as R.C. 2915.02(A)(1) does, and R.C. 2921.331(B) was a separate offense (requiring the state to prove that the defendant acted willfully), there was "no plain indication in R.C. 2921.331 of an intent to impose strict liability."

**{¶33}** The Second District further stated that there was another reason it would not find R.C. 2921.331(A) to be a strict-liability offense. *Id*. at 416. It explained that R.C.

2901.21 was enacted in 1974 to implement various principles of the Model Penal Code, which "advocates the view that offenses [that] constitute moral condemnation or for which imprisonment may be imposed should not be strict liability offenses." *Id*. According to the Model Penal Code, strict liability is reserved "only for offenses punishable by a fine, forfeiture, or similar civil penalty and are not likely to give rise to any additional legal disadvantage as does a 'prior conviction.'" *Id.*

{¶34} The Second District concluded that the potential imprisonment contemplated for violation of R.C. 2921.331(A) lends support to its conclusion that the General Assembly could not have intended for the subsection to impose strict liability. *Id*. at 416-417. It further stated that "it is axiomatic that 'statutes are to be construed strictly against the state and in favor of the accused.'" *Id*. at 417. We note that several other districts have also adopted the holding in *Brewer* that R.C. 2921.331(A) is not a strict-liability offense; rather, it requires the state to prove that the defendant acted recklessly. *See State v. Millik*, 11th Dist. Trumbull No. 2005-T-0003, 2006-Ohio-202; *State v. Shafer*, 3d Dist. Hardin No. 6-05-15, 2006-Ohio-4189; *State v. Malcolm*, 5th Dist. Licking Nos. 03CA09 and 03CA10, 2003-Ohio-5629; and *State v. Odorizzi*, 7th Dist. Belmont No. 98-BA-5, 2001 Ohio App. LEXIS 1209 (Mar. 14, 2001).

{¶35} Therefore, to present sufficient evidence that Krebs violated CCO 403.02(a), the prosecution had to prove beyond a reasonable doubt that Krebs acted recklessly in "fail[ing] to comply with any lawful order or direction of any police officer invested with authority to direct, control or regulate traffic."

{¶36} The culpability level of reckless is defined in R.C. 2901.22(C), which provides:

A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶37} Here, the city argues that Krebs's own admission that he saw the police SUV parked in the street with it lights activated and decided to go around it was sufficient evidence to establish the elements of failure to comply with a lawful order of police. We disagree. Seeing a police vehicle with its lights on and deciding to drive around it is not tantamount to failing to comply with a lawful order. Indeed, under just these facts, there is no failure to comply with anything nor is there even an order, let alone a lawful one.

{¶38} In this case, Officer Mercado testified that when he saw Krebs begin to make a right-hand turn onto Huron Road, he was "right in the middle of the intersection," about 15 feet away from Krebs's car, directing traffic from all directions. Officer Mercado testified that Krebs "maybe saw" that Officer Mercado "turned [his] back for a moment," and took that opportunity to turn. Officer Mercado said that when he saw Krebs beginning to make the turn, he "signaled to" Krebs and "started to go toward his car." Yet Krebs continued to turn onto Huron Road.

{¶39} Krebs, however, testified that he saw the police vehicle with its lights flashing, but he did not see Officer Mercado. He assumed that there was probably a

police officer directing traffic on the other side of the vehicle, but that he did not believe Huron Road was closed. In fact, he said that he could see cars with brake lights on Huron Road, so he believed it to be open.

{¶40} After review, we find that these facts simply do not establish that Krebs violated a lawful order of police. He could not have been reckless in violating an order that he did not see.

{¶41} When Officer Mercado was asked on cross-examination if it was possible that Krebs saw Officer Mercado's police vehicle, but did not see Officer Mercado. Officer Mercado responded, "I don't know where he was looking, but he needs to pay attention to pedestrians too." If we were to find Krebs's violated a lawful order of police based on this, however, it would amount to strict liability. Yes, Krebs should have been paying attention to pedestrians too, but there is no evidence that he was not doing so. Indeed, Krebs testified that although there were many pedestrians that he could see on Ninth Street and the east side of Huron Road, there were "no pedestrians in the intersection when [he] turned" from Prospect onto Huron. Moreover, even if Krebs was not paying attention to pedestrians, that would not establish that Krebs violated Officer Mercado's order.

{¶42} In the city's closing arguments, it argued that when there is a police vehicle in the street with its lights activated, Krebs had to have seen the officer directing traffic. Notably, however, Officer Mercado never testified that he saw Krebs looking at him or make eye contact with him before he turned right onto Huron Road.

**{¶43}** The city further argued in its closing arguments that even if Krebs did not see the officer, he is still guilty of failure to comply with a lawful order of police because Krebs was either not paying attention or he should have seen the officer. The city's argument, however, would only have merit if CCO 403.02(a) was strict liability offense. As we previously stated, failure to comply is not a strict liability offense.[1]

**{¶44}** We have reviewed other cases where there was sufficient evidence of failure to comply with a lawful order of police. In each of them, the evidence established that the defendant was aware of the police order. *See Millick*, 11th Dist. Trumbull No. 2005-T-0003, 2006-Ohio-202 (defendant argued with the officer's need for the order and thus, there was sufficient evidence that he was aware that the officer had ordered him to stop); *State v. Boyle*, 11th Dist. Portage No. 2012-P-0003, 2012-Ohio-5581 (defendant admitted that he saw the officer's lights and sirens but chose to continue to his house); *Cleveland v. Benjamin*, 8th Dist. Cuyahoga No. 74660, 1999 Ohio App. LEXIS 3700 (Aug. 12, 1999) (officer told defendant to move her car but defendant refused); *Shafer*, 3d Dist. Hardin No. 6-05-15, 2006-Ohio-4189 (circumstantial evidence established that defendant knew that he was being pursued by police when defendant accelerated his speed once the officer activated his lights and continued to ignore the officer's order to pull over for over two blocks).

---

[1] Failure to yield to a public safety vehicle (discussed in the next section), however, is a strict liability offense. *See State v. Taylor,* 7th Dist. Mahoning No. 14MA5, 2015-Ohio-745; *State v. Pottenger*, 4th Dist. Highland No. 602, 1986 Ohio App. LEXIS 9037 (Nov. 4, 1986); *Mt. Vernon v. Holton*, 41 Ohio App.3d 201, 535 N.E.2d 339 (5th Dist.1987).

{¶45} When the Cleveland Cavaliers have a home game in downtown Cleveland at Quicken Loans Arena, there are typically a lot of police vehicles on the streets in downtown. There are many police officers directing traffic on those streets as well. Yet despite there being a lot of police officers, traffic, and pedestrians, people driving to the game can — and do — get through the traffic to their designated parking lot. While we acknowledge that the Cleveland Police Department's presence in downtown is certainly welcomed — especially when it is extremely busy due to an event — that does not change the fact that in this case, the city failed to establish that Krebs was aware of Officer Mercado's order and recklessly failed to comply with it.

{¶46} Accordingly, after a thorough review of the facts in this case, we find that the city failed to present sufficient evidence beyond a reasonable doubt that Krebs failed to comply with a lawful order of police. We, therefore, vacate his conviction for failure to comply.

**B. Failure to Yield to a Public Safety Vehicle**

{¶47} To be convicted of CCO 431.21, failure to yield to a public safety vehicle, the prosecution must prove beyond a reasonable doubt that:

> Upon the approach of a public safety vehicle or coroner's vehicle, equipped with at least one (1) flashing, rotating or oscillating light visible under normal atmospheric conditions from a distance of five hundred (500) feet to the front of such vehicle and the driver is giving an audible signal by siren, exhaust whistle, or bell, no driver of any other vehicle shall fail to yield the right-of-way, immediately drive, if practical, to a position parallel to, and as close as possible to, the right edge or curb of the highway clear of any intersection, and stop and remain in that position until the public safety vehicle or coroner's vehicle has passed, except when otherwise directed by a police officer.

**{¶48}** Krebs maintains that he could not have been convicted of CCO 431.21 because the police vehicle was parked, did not have a driver, and was not giving an "audible signal by siren, exhaust whistle, or bell." He further maintains that he could not have been guilty of this provision because he "never failed to yield" to the police vehicle's "right-of-way."

**{¶49}** After review, we agree with Krebs that the city failed to prove that he violated CCO 431.21. The city failed to prove that "a driver" of the public safety vehicle gave an "audible signal by siren, exhaust whistle, or bell" because there was no driver of the police vehicle (the officer was standing in the street) nor was there an audible signal (the police vehicle had it lights activated, but not an audible signal). Further, the city did not establish beyond a reasonable doubt that Krebs failed to "yield the right-of-way" to a public safety vehicle and "stop and remain in such a position until the public safety vehicle" passed him — because there was no public safety vehicle attempting to pass him. This ordinance simply does not apply to the facts in this case.

**{¶50}** Accordingly, we also vacate Krebs's conviction for failure to yield to a public safety vehicle. Krebs's second assignment of error is sustained.

## IV. Manifest Weight of the Evidence

**{¶51}** Lastly, Krebs contends that his convictions for all three counts were against the manifest weight of the evidence. Because we already vacated two of his convictions, we will only focus our analysis on his conviction for driving on the sidewalk.

**{¶52}** Unlike sufficiency of the evidence, a challenge to the manifest weight of the

evidence attacks the credibility of the evidence presented. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541 (1997). Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence. *Id*., citing *State v. Robinson*, 162 Ohio St. 486, 487, 124 N.E.2d 148 (1955).

{¶53} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as a "thirteenth juror." *Id*. In doing so, it must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id*.

{¶54} To be convicted of driving upon sidewalks, streets, or lawns, the prosecution must prove that the defendant violated the provisions of CCO 431.37, which states:

> (a)(1) No person shall drive any vehicle, other than a bicycle, upon a sidewalk or sidewalk area except upon a permanent or duly authorized temporary driveway or without first obtaining a permit from the Director of Public Service.

> (b) No person shall drive a vehicle on a street lawn area or the curb of a street, except upon a permanent or duly authorized temporary driveway or when otherwise lawfully authorized.

**{¶55}** At the trial in this case, the officer who cited Krebs testified that he had placed his police vehicle in the middle of the road to prevent traffic from turning right onto the street. The officer testified that he witnessed Krebs drive onto the curb and sidewalk in order to avoid the police vehicle blocking the road. Although Krebs took the witness stand and testified that he did not drive on the curb or sidewalk, the trial court was free to believe the officer over Krebs. The trier of fact is best able "to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24.

**{¶56}** Accordingly, we do not find that Krebs's conviction for driving upon sidewalks, streets, or lawns was against the manifest weight of the evidence. Krebs's third assignment of error is therefore overruled.

## V. Conclusion

**{¶57}** We affirm Krebs's conviction for driving on the sidewalk, but vacate his convictions for failure to comply with a lawful police order and failure to yield to a public safety vehicle.

**{¶58}** Judgment affirmed in part, reversed in part, and remanded for the trial court to issue a new judgment reflecting the holding in this case.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the   Cleveland

Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION

EILEEN T. GALLAGHER, J., DISSENTING:

**{¶59}** I concur with the majority's resolution of Krebs's first and third assignments of error. I further concur with the majority's determination that Krebs's failure to yield conviction was not supported by sufficient evidence. However, I respectfully dissent from the majority's holding that Krebs's conviction for failure to comply with a lawful police order was not supported by sufficient evidence.

**{¶60}** In this case, Krebs was convicted of failure to comply with a lawful order of a police officer, in violation of CCO 403.02(A). The ordinance provides:

> No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.

**{¶61}** I agree with the majority that CCO 403.02(A) mirrors the language contained in R.C. 2921.331(A). As the majority states, this court has held that R.C. 2921.331(A) is not a strict liability offense and requires the state to prove recklessness. *State v. Elliott*, 8th Dist. Cuyahoga No. 91999, 2009-Ohio-5816, ¶ 63-65. R.C.

2901.22(C) provides the following definition for recklessness:

> [a] person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶62} In this case, Officer Mercado testified that he parked his police vehicle near the intersection of Prospect Avenue and Huron Road in order to block access to Huron Road. The police vehicle was parked parallel with the crosswalk on Huron Road and its emergency lights were activated in order to bring attention to the closed roadway. While directing traffic, Officer Mercado observed Krebs drive his vehicle around the parked police vehicle in order to access the blocked roadway. Officer Mercado stated that when he observed Krebs begin to turn onto the blocked roadway, he immediately walked towards Krebs's vehicle and unsuccessfully "signaled" for him to stop. According to Officer Mercado, Krebs had to drive onto the sidewalk in order to "squeeze" past the police vehicle.

{¶63} Based on the foregoing testimony, I would find the state presented sufficient evidence that Krebs recklessly failed to comply with a lawful order or direction of a police officer who was invested with authority to direct, control, or regulate traffic. Collectively, the evidence presented at trial establishes that Officer Mercado was lawfully regulating traffic by blocking access to Huron Road for public safety at the time Krebs ignored Officer Mercado's order to stop and accessed Huron Road. In short, I believe Krebs disregarded substantial and justifiable risks by driving around the carefully

positioned police vehicle, over the sidewalk, and onto the blocked roadway.

{¶64} I recognize that Krebs testified that he did not observe Officer Mercado directing traffic or see Officer Mercado's commands to stop until after he turned onto Huron Road. However, whether Krebs saw Officer Mercado directing traffic or saw his command to stop goes to the weight of the evidence and is a matter left to the sound discretion of the trier of fact. While Krebs contends that he did not see Officer Mercado, he admits that he observed the police vehicle parked in the middle of the intersection before he decided to drive around the police vehicle and onto Huron Road. Furthermore, Officer Mercado testified that he was just 15 feet, or five yards, away from Krebs's vehicle when he signaled for him to stop. Under the totality of these circumstances, I would defer to the trial court's assessment of credibility and find that a reasonable trier of fact could conclude that Krebs was aware of Officer Mercado's presence and disregarded his lawful order to not turn onto the blocked roadway.

{¶65} Furthermore, I am not convinced the state was required to prove that Krebs saw Officer Mercado directing traffic in order to prosecute the failure to comply offense. I believe a reasonable person would understand that a roadway is not accessible, pursuant to a lawful order or direction of a police officer, when an officer activates his or her vehicle's emergency lights and parks the vehicle in such a manner so as to intentionally block access to that roadway.

{¶66} Accordingly, I would affirm Krebs's failure to comply conviction.